IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANDREW KIMBLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number CIV-17-971-C |
| | ) |
| CR OPERATING COMPANY, INC., d/b/a | ) |
| APPLE CREEK ESTATES and/or | ) |
| APPLE CREEK APARTMENTS, and | ) |
| APPLE CREEK ESTATES, L.L.C., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Defendant, Apple Creek Estates, LLC, filed a Motion for Summary Judgment (Dkt. No. 46). Plaintiff filed a Brief in Opposition (Dkt. No. 56) and Defendant filed a Reply (Dkt. No. 57). The motion is now at issue.

I. Background

In early 2005, Apple Creek Estates, LLC, became the owner of Apple Creek Apartments. On January 5, 2005, Apple Creek Estates, LLC, executed a Property Management Agreement with CR Operating Company, Inc., d/b/a Apple Creek Estates and/or Apple Creek Apartments, hereafter referred to as CR Operating Company. On March 15, 2015, Andrew Kimble leased Unit 237 of Apple Creek Apartments. On January 25, 2016, Andrew Kimble was standing on his balcony. As Kimble leaned against the balcony railing, the balcony railing gave way and Kimble fell from the second story balcony and landed on the ground. Kimble suffered various injuries. At the time of Kimble's fall, an independent contractor, Armor Siding, LLC, was performing repairs and

renovations to the Apple Creek Apartment buildings. As a result of the fall and subsequent injuries, Kimble brought suit and the instant action commenced.

Defendant's Motion argues that Apple Creek Estates, LLC, does not owe a duty to Plaintiff and, as a result, is not liable to Plaintiff for the injuries he sustained. Plaintiff argues that the Property Management Agreement does not lease the subject premises to CR Operating Company and therefore Apple Creek Estates, LLC, owes a duty to Plaintiff.

## II. Summary Judgment Standard

A key policy goal and primary principle of Fed. R. Civ. P. 56 is "to isolate and dispose of factually unsupported claims or defenses." Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Fed. R. Civ. P. 56 sets the standard for summary judgment:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).

Summary judgment is appropriate "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). It is also well established that the "party seeking summary judgment always bears

the initial responsibility of informing the district court of the basis for its motion . . . which it believes demonstrate[s] the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 322. ("As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248.) "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (footnote omitted). "In its review, the Court construes the record in the light most favorable to the party opposing summary judgment." Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III. Analysis

In order for a negligence claim to progress, the following elements must be established:

> (1) existence of a duty on the part of the defendant to protect plaintiff from injury; (2) defendant's breach of the duty; and (3) injury to plaintiff proximately resulting therefrom. The threshold requirement in any case based on negligence is to establish the existence of a duty, for there can be no negligence in the absence of a defendant's duty to the plaintiff. Accordingly, the question of whether a duty exists to a particular plaintiff on the part of an alleged tortfeasor is properly a question of law for the court.

Scott v. Archon Group, L.P., 2008 OK 45, ¶ 17, 191 P.3d 1207, 1211. In the premises liability law arena, "the duty of care which an owner or occupier of land has toward one who comes upon his or her land and is injured because of the condition of the premises,

3

varies with the status occupied by the entrant." Id. at ¶ 18, 1211. This Court's analysis will make a "determination of the entrant's status-based classification under traditional common law terms—trespasser, licensee or invitee—[which] is therefore essential in resolving the issue of the existence of a duty. Id. (citing McKinney v. Harrington, 1993 OK 88, 885 P.2d 602).

The first premise of Defendant's argument is that Apple Creek Estates, LLC, possessed no control over the apartment property and it builds its entire argument on the argument that the Property Management Agreement is a lease which relieves Defendant Apple Creek Estates, LLC, of a duty to Plaintiff. Defendant asserts a multitude of legal precedents that state when a party leases premises, and relinquishes control of the premises, that party is not liable to a third party. (Def.'s Mot. for Summ. J., Dkt. No. 46, p. 11.) Defendant treats the Property Management Agreement as a lease and argues it is an undisputed material fact that "Apple Creek relinquished control of the subject premises to CR Operating on January 5, 2005, by way of a Property Management Agreement." (Def's. Mot. for Summ. J., Dkt. No. 46, p. 2.)

In his deposition, Dr. Vinod Gupta, a shareholder of CR Operating Company, Inc., and owner of Apple Creek Estates, LLC, stated that "it was advice of attorneys, consultants, that each real estate should be an LLC. Then you should have a management company that should have the contract with the LLC to manage and operate that building." (Def.'s Mot. for Summ. J., Dkt. No. 46-1, p. 30:17-20.) Defendant also proffers an affidavit sworn by Dr. Gupta that states, "Apple Creek Estates, L.L.C., relinquished complete control of the Apple Creek Apartments to CR Operating Co., Inc." (Def.'s Mot. for Summ. J., Dkt.

4

No. 46-4, p. 2.) Defendant argues it is undisputed that "CR Operating has leased the premises from Apple Creek and has undertaken all management and maintenance responsibilities in accordance with the terms of the parties' Property Management Agreement." (Def.'s Mot. for Summ. J., Dkt. No. 46, p. 2.) The Property Management Agreement refers to Apple Creek Estates, LLC, as the "Owner," and CR Operating Company as the "Manager." (Pl.'s Br. in Opp'n, Dkt. No. 56-1, p. 1.) The Property Management Agreement never states the relationship, in title or in substance, between the two parties as Lessee and Lessor. Even so, Defendant relies on the Property Management Agreement to argue Apple Creek Estates, LLC, leased its interest and relinquished all control to CR Operating Company. Defendant offers no support that the agreement is a lease.

A thorough analysis of the Property Management Agreement shows that it is not a lease, but simply an agreement for CR Operating Company to manage the day-to-day tasks of running an apartment complex. These tasks included collecting all rents, hiring and firing personnel, and the authority to "institute, settle, or compromise, in the Owner's name, any legal action and make use of such methods of legal process against a delinquent tenant or a delinquent tenant's property as may be necessary." (Pl.'s Br. in Opp'n, Dkt. No. 56-1, p. 2.) There is no distinction in the control between Dr. Gupta, owner of Apple Creek Estates, LLC, and Dr. and Mrs. Chanresh Gupta, shareholders of CR Operating Company, Inc.:

> Q: Okay. And that's what I've been trying to understand. You have two companies and you're the principal of both of them?
> A. Yes.

> Q. So, when anything is done in relation to Apple Creek Apartments or Apple Creek Estates, and you're involved in it, you're acting through both companies?
> A. Yes.

(Def.'s Mot., Dkt. No. 46-1, pp. 29-30, ll. 20-5.)

> Q. And who are the owners of CR Operating Company?
> A. It's a corporation and the shares are being held by me and my wife.

(Def.'s Mot., Dkt. No. 46-1, p. 12, ll. 3-5.) This Court concludes that the Property Management Agreement is not a lease and was simply a management agreement; Apple Creek Estates, LLC, did not lease its interest in the subject property and retained control over the subject premises.

Next, this Court finds it is necessary to analyze the nature of duty, if any, Apple Creek Estates, LLC, owes to Plaintiff. The parties do not dispute that Plaintiff is an invitee. Oklahoma law "imposes a general duty of care upon landlords to maintain the leased premises, including areas under the tenant's exclusive control or use, in a reasonably safe condition." Miller v. David Grace, Inc., 2009 OK 49, ¶ 24, 212 P.3d 1223, 1230. Further, "[a] business owner owes a duty to exercise ordinary care to keep its premises in a reasonably safe condition for use of its invitees and a duty to warn invitees of dangerous conditions upon premises that are either known or should reasonably be known by the owner. Phelps v. Hotel Mgmt., Inc., 1996 OK 114, ¶ 6, 925 P.2d 891, 893. The business owner's duty is non-delegable. Hodge v. Morris, 1997 OK CIV APP 53, ¶ 7, 945 P.2d 1047, 1049. The Oklahoma Supreme Court has held that a landlord is also liable where there are negligently made repairs or improvements. See Buck v. Miller, 1947 OK 172, ¶ 21, 181 P.2d 264, 267; Crane Co. v. Sears, 1934 OK 375, 35 P.2d 916, 920. The

Oklahoma Supreme Court also summarized the independent contractor exception in a well-established rule:

> We think that while the rule is well settled that one, who does work through the instrumentality of an independent contractor, is not liable for damages, caused by the negligent performance of such work by the independent contractor, to third persons, except where the work is inherently dangerous or unlawful, it is equally well settled that, where a person either by contract or by law owes an obligation to another, he cannot escape liability for negligence in the performance of such obligation by delegating the duty to an independent contractor.

Minnetonka Oil Co. v. Haviland, 1916 OK 103, ¶ 1, 155 P. 217, 219. In this instance there is no genuine issue of material fact regarding the Property Management Agreement. Apple Creek Estates, LLC, the business owner, has an established duty to the invitee, Plaintiff Kimble. Apple Creek Estates, LLC, cannot relieve itself of that duty by saying it leased the premises to CR Operating Company. This Court finds as a matter of law that Apple Creek Estates, LLC, owed a duty and can be held liable to Plaintiff Kimble.

## CONCLUSION

As a result of this analysis, Defendant, Apple Creek Estates, LLC's, Motion for Summary Judgment (Dkt. No. 46) is DENIED.

IT IS SO ORDERED this 3rd day of May.

ROBIN J. CAUTHRON
United States District Judge